**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Utility Workers Union of  　　　　　　　　　　Case No. 3:11CV2082
America, Local Union No. 349,

        Plaintiff

    v.  　　　　　　　　　　　　　　　　　　**ORDER**

Columbia Gas of Ohio, Inc.,

        Defendant

    This is an action to compel arbitration. Pending is defendant Columbia Gas of Ohio's motion to dismiss. (Doc. 10). For the reasons that follow, the motion shall be granted.[1]

    Plaintiff Utility Workers Union of America Local 349 and Columbia Gas are parties to a collective bargaining agreement. The Agreement provides for arbitration of designated disputes.

    The provision applicable in this case, and under which plaintiff filed a grievance is Article 13. That article relates to the company's use of outside contractors to perform work normally done by the union's members.

    Article 13 states in pertinent part:

> The Company agrees that it will not employ outside contracting firms to do any work that is ordinarily and customarily done by its regular employees within the Toledo

---

[1] Plaintiff has filed a motion to strike defendant's reply brief because defendant filed it one day late. I overrule that motion.

>Area, *when the employment of such contracting firms results in and directly relates to the layoff*, demotion or reduction of hours below the statutory straight-time workweek *of such employees* during the term of this Agreement.

(Emphasis supplied).

In this suit, the union asserts that five employees of an outside contractor did work normally done by union members. The union grieved this situation to the point of arbitration. The parties selected an arbitrator. However, as the arbitration was about to begin, the company stated it would not participate in the arbitration.

The union has thus brought this suit to compel the company to arbitrate.

There are two dispositive issues in this case: namely: 1) whether the arbitrator or this court determines if a grievance is arbitrable; and 2) if this court makes that determination, whether the grievance at issue is arbitrable.

Under the Supreme Court's holding in *Granite Rock Co. v. International Brotherhood of Teamsters*, — U.S. —, 130 S. Ct. 2847 (2010), this court, not the arbitrator, determines whether a grievance is arbitrable:

>Our cases invoking the federal "policy favoring arbitration" of commercial and labor disputes apply the same framework. They recognize that, except where "the parties clearly and unmistakably provide otherwise," it is "the court's duty to interpret the agreement and to determine whether the parties intended to arbitrate grievances concerning" a particular matter.

*Id.*, — U.S. at —, 130 S. Ct. at 2858-59 (citations omitted).

Having decided that I, rather than the arbitrator, am to determine whether the Agreement allows the union's grievance , I conclude that it does not.

Nothing before me, in either the complaint or its attached exhibits, indicates that the company's employment of outside labor followed a layoff of its own employees. Under the plain

terms of Article 13, the company may employ such workers unless, before doing so, it had laid off union employees.

The original grievance simply asserted a violation of various Articles in the Agreement, including Article 13. (Doc. 1, Exh. 5). It contained no details about the alleged violations – and certainly no reference to the company's having hired outside workers to replace laid off union workers.

What the original grievance may say or not say is not, however, dispositive. Drafted by non-lawyers, grievances are not preclusive.

Plaintiff's complaint fails, however, to assert that the company engaged in conduct violative of the Agreement, in that the outside workers replaced laid off union members. Instead, the complaint asserts that the company breached "without limitation Article 13, by training and hiring [outside] contractors to perform the disputed customer service work of the service employees in the bargaining unit." (*Id.,* ¶ 21).

The Agreement does not prevent the company from having outsiders do the same work as union members. Instead, it bars the company from using others to do that work after it has laid off union employees.

The complaint fails to allege an arbitrable breach of the collective bargaining agreement. It is for me, rather than the arbitrator, to determine whether it does so.

It is, accordingly,

ORDERED THAT:

1.	The plaintiff's motion to strike (Doc. 18) be, and the same hereby is denied; and

2. The defendant Columbia Gas of Ohio's motion to dismiss (Doc. 10) be, and the same hereby is granted.

So ordered.

/s/James G. Carr
Sr. United States District Judge